IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| CLIFFORD RUSH, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | 8:18CV6 |
| v. | ) | |
| | ) | |
| BRAD JOHNSON, DIRECTOR | ) | |
| LANCASTER COUNTY JAIL, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |
| | ) | |

This case is before me for initial review. Petitioner has filed a habeas corpus petition. He challenges the *ongoing* state criminal action brought against him for terrorist threats, use of a firearm to commit a felony, false imprisonment, use of a firearm to commit a felony, and possession of a firearm by a prohibited person.[1] He has been arraigned, entered a not guilty plea, and has been detained pending trial. He has a very experienced lawyer in the state proceeding.

In [Younger v. Harris](), 401 U.S. 37 (1971), the Supreme Court recognized the "longstanding public policy against federal court interference with state court proceedings[.]" *Id.* at 43. Under what has become known as "the *Younger* abstention doctrine, federal courts may not, absent extraordinary circumstances, stay or enjoin pending state criminal proceedings." [Roberts v. Dicarlo](), 296 F. Supp. 2nd 1182, 1185 (C.D. Cal. 2003) (applying *Younger* in a habeas case and dismissing without prejudice). *See also* [Wilson v. Gastelo](), No. CV1701774, WL 2436022, at *2 (C.D. Cal. May 15, 2017), report and recommendation adopted, No. CV1701774, [17 WL 2432553]() (C.D. Cal. June 1, 2017) (same).

---

[1] The records of the Nebraska courts are electronically available to this court by special arrangement with the Nebraska judicial system. I take judicial notice of those records regarding this case as I am allowed to under [Fed. R. Evid. 201(b)]() and otherwise.

*"Younger* abstention is required if the state proceedings are (1) ongoing; (2) implicate important state interests; and (3) afford the plaintiff an adequate opportunity to raise the federal issue." *Roberts*, 296 F. Supp. 2nd at 1185. Such is the case here.

I realize that abstention may be inappropriate in extraordinary circumstances. However, none are evident here.

Lastly, a petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. [28 U.S.C. § 2253(c)(1)](); [28 U.S.C. § 2253(c)(2)](); [Fed. R. App. P. 22(b)(1)](). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in [*Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000)](). I have applied the appropriate standard and determined that Petitioner is not entitled to a certificate of appealability.

IT IS ORDERED that the petition (filing no. [1]()) is dismissed without prejudice. No certificate of appealability has been or will be issued. A separate judgment will be issued.

DATED this 17th day of January, 2018.

                BY THE COURT:

                s/ *Richard G. Kopf*
                Senior United States District Judge